IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL JOSEPH PAVALONE** , | : CIVIL ACTION NO. 1:11-CV-1449 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **COUNTY OF LACKAWANNA PENNSYLVANIA**, *et al.*, | : |
| **Defendants** | : |

## **MEMORANDUM**

Paul Joseph Pavalone ("plaintiff "), an inmate incarcerated at the Lackawanna County Prison, Scranton, Pennsylvania, commenced this action on August 5, 2011, naming the following defendants: County of Lackawanna Pennsylvania; Lackawanna County Domestic Relations; Lackawanna County Public Defender's Office; Lackawanna County District Attorney's Office; Lackawanna County Prison; Federal Bureau of Investigation; Attorney Petorak; Attorney Mastri, Detective Justin Leri; Detective Chris Kolcharno; Mary Muscari; Thomas Baker; Tim Cannon; and Carbondale Police Department.  (Doc. 1.) Plaintiff moves to proceed in forma pauperis.  (Docs. 2, 5.)  Preliminary review of the complaint reveals that plaintiff includes a whole host of unrelated claims against various entities and individuals.  "Pleadings must be construed so as to do justice."  FED.R.CIV.P. 8(e).  Allowing the pleading to proceed as filed is not in the interest of judicial economy.  Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil

Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20, states, in pertinent part, the following:

> (a) Persons Who May Join or Be Joined
>
> > (2) Defendants. Persons – . . . may be joined in one action as defendants if:
> >
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all

the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

As noted *supra*, plaintiff raises a host of unrelated claims. The claims include, but are not limited to, conspiracy, unlawful arrest, poor conditions of confinement, false criminal charges and a coerced guilty plea. (Doc. 1). These claims did not arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, plaintiff's various claims do not involve an issue of law or fact common to all defendants.

While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D.Pa. 1992). Further, plaintiff will be required to utilize the court's form complaint.

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these

3

violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

    An appropriate Order accompanies this Memorandum.


                                                                          S/ Christopher C. Conner
                                                                    CHRISTOPHER C. CONNER
                                                                    United States District Judge


Dated:       October 18, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE ,** | : | **CIVIL ACTION NO. 1:11-CV-1449** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **COUNTY OF LACKAWANNA PENNSYLVANIA**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 18th day of October, 2011, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. The Clerk of Court is directed to forward to plaintiff a civil rights form complaint.

2. Plaintiff shall file an Amended Complaint, utilizing the enclosed civil rights form, on or before November 2, 2011. No attachments to the form will be accepted by the Court.

3. The Amended Complaint shall contain the same case number that is already assigned to this action, Civil No. 1:11-CV-1449, and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(d).

4. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims will be considered a failure to comply with an order of Court and will result in dismissal of the complaint. See FED. R. CIV. P. 20.

5. Failure to file an amended complaint within the specified time period will be construed as a loss of interest in the litigation and will result in dismissal of the action.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge