# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE** , | : | **CIVIL ACTION NO. 1:11-CV-1449** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **COUNTY OF LACKAWANNA PENNSYLVANIA**, *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Paul Joseph Pavalone ("plaintiff"), an inmate incarcerated at the Lackawanna County Prison, Scranton, Pennsylvania, at the time he commenced this action on August 5, 2011, named the following defendants:  County of Lackawanna Pennsylvania; Lackawanna County Domestic Relations; Lackawanna County Public Defender's Office; Lackawanna County District Attorney's Office; Lackawanna County Prison; Federal Bureau of Investigation; Attorney Petorak; Attorney Mastri, Detective Justin Leri; Detective Chris Kolcharno; Mary Muscari; Thomas Baker; Tim Cannon; Carbondale Police Department.  (Doc. 1.)  Plaintiff moves to proceed in forma pauperis.  (Docs. 2, 5.)  For the reasons set forth below, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to follow a court order.

**I.     Procedural Background**

Preliminary review of the complaint revealed that plaintiff included a whole host of unrelated claims which include, but are not limited to, conspiracy, unlawful arrest, poor conditions of confinement, false criminal charges and a coerced guilty plea, and do not involve an issue of law or fact common to the various entities and individuals named as defendants.  (Doc. 1.)  Consequently, by Order dated October 18, 2011 (Doc. 8), he was directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.[1]  Although the deadline for filing the amended complaint has not yet passed, the October 18, 2011 Order was returned to the Court on October 25, 2011, as undeliverable in an envelope marked "Return to Sender Inmate not at this Facility."  (Doc. 9.)

---

[1] Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct."  Rule 20, states, in pertinent part, the following:

>  (a) Persons Who May Join or Be Joined
>
>  (2) Defendants.  Persons – . . . may be joined in one action as defendants if:
>
>  (A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>  (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a).

This Court's Standing Practice Order, which was forwarded to plaintiff on August 22, 2011, specifically states that "[a] *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." (Doc. 4, at 4.)

**II.    Discussion**

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same). In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Ware v.

3

Rodale Press, Inc., 311 F.3d 218, 221 (3d Cir. 2003); see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-78 (3d Cir.1994) (applying Poulis factors to dismissal under Rule 41(b)).  The court must consider all six factors.  Ware, 322 F.3d at 221-22; United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 162 (3d Cir. 2003).

**A.    Analysis of the Poulis Factors**

1. The extent of the party's personal responsibility

Pursuant to this Court's Standing Practice Order, a *pro se* plaintiff has the obligation to inform the court of address changes.  (Doc. 4) The Court's October 18, 2011 Order, requiring plaintiff to amend his complaint, was returned as undeliverable.  A review of Vinelink[2], a web site that allows a custodial search of Pennsylvania State inmates, reveals that plaintiff was released from custody by court order on October 4, 2011.  Plaintiff has failed to notify the Court of his new address and it can therefore only be concluded that he is personally responsible for failing to comply with the Standing Practice Order.

2.    The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment."  Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal

---

[2] https://www.vinelink.com/vinelink/siteInfoAction.do?siteId=39000,

quotations and citations omitted.)  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874.  In the matter *sub judice*, plaintiff's failure to move the litigation forward has resulted in no prejudice to defendants as the complaint has not yet been served.

    3.    A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).  Although the plaintiff failed to comply with the Standing Practice Order by notifying the Court of his change of address, it cannot be said that such an isolated event constitutes dilatory conduct.

    4.    Was the conduct willful or in bad faith?

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith."  Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior."  Id. ; see also

Emerson, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). Plaintiff has not displayed willful conduct or bad faith.

    5.    Effectiveness of sanctions other than dismissal

Ordinarily, a District Court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. However, where a plaintiff is proceeding *pro se*, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. In a scenario such as the present one, where the court is faced with a complete inability to communicate with the individual who brought the action, the only appropriate sanction is dismissal.

    6.    Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Plaintiff's scattered and disjointed claims include allegations of conspiracy, unlawful arrest, poor conditions of confinement, false criminal charges and a coerced guilty plea. Among the deficiencies contained in plaintiff's complaint, and fatal to the progression of the litigation is his failure to allege personal involvement.

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.  Rode, 845 F.2d at 1207-08.  Moreover, liability cannot be predicated solely on the operation of *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976);

Rode, 845 F.2d at 1207. To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff fails to identify personal involvement of any of the named defendants in the deprivation of a constitutional right. Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Plaintiff was afforded the opportunity to amend

to cure the deficiencies and allege personal involvement, but the order was returned as undeliverable.  Therefore, any further attempts to allow him to amend would be futile.

### B.     Balancing of the Poulis Factors

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  It is clear that, many of the crucial factors weigh in favor of dismissal of the action for plaintiff's failure to comply with the Standing Practice Order and keep the Court apprised of his address.

### III.     Conclusion

Based on the foregoing, the complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order will issue.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Date:       October 31, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE ,** | : | **CIVIL ACTION NO. 1:11-CV-1449** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **COUNTY OF LACKAWANNA PENNSYLVANIA**, *et al.*, | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 31st day of October, 2011, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's motions to proceed without full prepayment of costs and fees (Docs. 2, 5) are GRANTED.

2. Plaintiff's action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                               S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge